-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN BARNEY,

               Petitioner,

       v.

JAMES CONWAY,
Superintendent Attica Correctional Facility,

               Respondent.

**ORDER**
03-CV-0758F (Consent)

---

Petitioner commenced this habeas corpus proceeding, pursuant to 28 U.S.C. §

2254, on October 9, 2003, seeking to challenge his conviction rendered in New York State

Supreme Court, Erie County.[1]  The petition raises the following claims for habeas relief:

(1) a denial of due process and equal protection bases on an alleged violation of *Batson

v. Kentucky*, 476 U.S. 79 (1986); (2) a violation of petitioner's right to the disclosure of

exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963); (3) the conviction was

against the weight of the evidence; and (4) petitioner was improperly sentenced under New

York's persistent felony offender statute.  Respondent answered the petition, and filed a

memorandum of law in opposition to the petition and four volumes of state court records

from the underlying state court criminal proceedings.  On September 30, 2005, the Court

denied without prejudice petitioner's motion to amend the petition.  (Docket No. 8).

Now before the Court is petitioner's letter motion asking the Court to stay or hold the

petition in abeyance pending the disposition of petitioner's state court appeal of a

N.Y.Crim.Proc.L., § 440.30 motion and a "Recusal Order."  (Docket No. 7).  For the

---

[1]The parties have consented to proceed before the undersigned.  28 U.S.C. § 636(c).

following reasons, the letter motion for a stay or to hold the petition in abeyance is denied without prejudice.

In its last term, the United States Supreme Court directly addressed the stay and abeyance approach that had been utilized by a number of Circuits, including the Second, *see Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 536 U.S. 925 (2001), which allowed a district court to exercise its discretion when presented with "mixed" habeas petitions to stay proceedings with respect to a petitioner's exhausted claims, and to dismiss without prejudice the unexhausted claims so that the petitioner could return to state court in order to exhaust the unexhausted claims and then return to the district court to reinstate the previously dismissed claims.  Assuming the petitioner complied with the conditions for the stay, *i.e.*, file exhaustion proceedings within 30 days of entry of the stay order and return to the district court within 30 days after the completion of exhaustion proceedings in state court, the reinstated claims could be deemed to relate back to the date of the original petition for statute of limitations purposes.  *Id.* at 381-82.

In *Rhines v. Weber*, --- U.S. ---, 125 S.Ct. 1528, 1534, 161 L.Ed.2d 440, 450 (2005), the Supreme Court approved the stay and abeyance approach but limited its use to only those situations where there was a showing of "good cause" for the petitioner's failure to exhaust the claims in state court and that the unexhausted claims are not "plainly meritless." *Id.* at ---, 125 S.Ct. at 1535; 161 L.Ed.2d at 450.  *See also Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LEXIS 14910, at *2 (S.D.N.Y. July 26, 205) (denying request for stay without prejudice to renew upon a showing of (1) good cause for petitioner's failure to exhaust the new claims, (2) that the claims either relate back to the originally pled claims,

2

or petitioner was not able to raise the new claims in the original petition, and (3) that the new claims are "potentially meritorious" on federal habeas corpus review).

In the instant matter, petitioner has failed to address, let alone establish, any of the criteria for the granting of a stay as set forth in *Rhines*. Petitioner simply states that he wants the Court to stay the petition pending an appeal to the Appellate Division from a trial court's denial of a post-conviction state court motion and a recusal order.  (Docket No. 7). Petitioner offers no justification for why he did not previously exhaust the claim raised in the post-conviction motion and provides nothing as to whether said claim is or is not "plainly meritless" on federal habeas review.  Additionally, petitioner has not established in any way that the claim he now seeks to exhaust and then add to these proceedings is not barred by the statute of limitations, 28 U.S.C. § 2244(d)(1), because it "relate[s] back" to the claims pled in the original petition.  *See* Fed.R.Civ.P. 15(a); *Mayle v. Felix*, --- U.S. ---, 125 S. Ct. 2562, 2571-73; 162 L. Ed. 2d 582 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.")  Without a showing of both "good cause" and that the new claim is not "plainly meritless," petitioner's request for a stay of these proceedings must be denied without prejudice.

Moreover, before the Court can address whether or not to exercise its discretion and stay this habeas proceeding, the Court must have before it a mixed petition--*i.e.*, one raising both exhausted and unexhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). Therefore, if as addressed below, petitioner files a renewed motion to stay the petition, he must also file a renewed motion to amend the petition and attach to the motion a proposed

3

amended petition which raises both the grounds raised presently in the petition and the new unexhausted ground petitioner wants to add to this habeas proceeding, which, presumably, is the basis of petitioner's request for a stay.  The motion to amend should also address what grounds for relief raised in the proposed amended petition are exhausted and what claims are unexhausted, and, as to those claims that are unexhausted, the status of any exhaustion proceedings in state court.

Accordingly, petitioner's motion (Docket No. 7) to stay these proceedings is **DENIED** without prejudice to re-filing upon a adequate showing pursuant to *Rhines*, --- U.S. ---, 125 S.Ct. at 1535, 161 L. Ed. 2d at 450, that (1) there is good cause for petitioner's failure to exhaust the new claim sought to be added to the petition, (2) that the new claim relates back to the claims originally pled in the petition, or that petitioner was not able to raise said claim in the original petition, and (3) that the new claim is not plainly meritless.

SO ORDERED.

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  Jan 13th, 2006
Buffalo, New York

4