UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN BARNEY,

                    Petitioner,           **DECISION AND ORDER**
                                           **No. 03-CV-0758(VEB)**

     -vs-

JAMES T. CONWAY, Supt. of Attica
Correctional Facility,

                    Respondent.
_____


       *Pro se* petitioner Steven Barney ("Barney" or "petitioner") has filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. In October 2004, Barney moved to amend his

habeas petition, and in September 2005, Barney moved to stay his habeas petition (Docket Nos. 6

& 7); these applications were denied without prejudice by the Court (Foschio, M.J.) (Docket

Nos. 8 & 9). Barney then filed a renewed motion to stay (Docket No. 10). Subsequently, Barney

wrote to the Court, stating that his efforts to exhaust in state court had not been successful in that

it "appear[ed] that the State will not act on [his] appeal." *See* Letter dated December 12, 2006,

from Petitioner to the Court (Docket No. 12). Accordingly, Barney has requested that "the

District Court reinstate [his] petition that may have been stayed." *Id.* As Barney's renewed

motion to stay (Docket No. 10) had not been decided, there is no stay currently in place. Barney's

renewed motion for a stay (Docket No. 10) accordingly is deemed withdrawn based on his letter

to the Court (Docket No. 12). The Court will proceed to render a decision on the claims raised in

Barney's initial, timely habeas petition (Docket No. 1), which respondent has answered.

In his letter of December 12, 2006, Barney also requested appointment of counsel. *See* Docket No. 12. The Supreme Court has held that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require." Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law as set forth by the Second Circuit in *Hodge*. Specifically, there is no showing at this time that an evidentiary hearing is required, and Barney is not seeking to vacate or set aside a sentence of death.

Barney states that appointment of counsel is appropriate in his case "[d]ue to the complexity of the issues involved" and because he has suffered a "catastrophic illness" leading to a deterioration in his health. *See* Docket No. 12. Because Barney's habeas claims appear to be ones which can be addressed and reviewed solely by means of the state court records, it therefore, it does not appear at this time that Barney requires the assistance of counsel to present the claims raised in his habeas petition. For that reason, the Court would not be acting within its discretion

if it were to appoint counsel based his health problems.

Based on the Court's review of the record, Barney's motion for appointment of counsel (Docket No. 12) accordingly is **DENIED**. The Court sympathizes with Barney's health issues but it his responsibility as a litigant to retain an attorney or continue forward with this lawsuit *pro se*. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). In addition, Barney's renewed motion for a stay (Docket No. 10) is deemed **WITHDRAWN** based on his request  (Docket No. 12) to proceed on his initial petition. Accordingly, the renewed motion for a stay  (Docket No. 10) is  **DISMISSED**, and petitioner's request (Docket No. 12) to proceed on the initial petition is **GRANTED.**

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      October 15, 2007
            Buffalo, New York.