UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN BARNEY,

                          Petitioner,          **No. 03-CV-0758(VEB)**

     -vs-                                             **ORDER**

JAMES T. CONWAY, Superintendent,
Attica Correctional Facility,

                          Respondent.
_____

*Pro se* petitioner Steven Barney ("Barney" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Barney originally was charged in Erie County in a two-count indictment with second degree (intentional) murder and third degree criminal possession of a weapon based upon allegations that he stabbed Ronald Hardy to death with a knife in the entrance area of an apartment complex in the City of Buffalo. Trial counsel for Barney presented a theory of justification (self-defense), and the jury agreed, acquitting Barney of the murder charge. However, the jury found Barney guilty of the weapons-possession charge, a felony-grade offense. Following a predicate felony hearing under New York Criminal Procedure Law ("C.P.L.") 400.20, the trial court adjudicated Barney as a persistent felony offender and imposed an indeterminate sentence of 15 years to life.

In his habeas petition, Barney raises the following claims for relief: the prosecutor exercised a peremptory challenge in violation of *Batson v. Kentucky,* 476 U.S. 79 (1986) (Ground One); the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963); *People v. Rosario*, 173 N.E.2d 881 (N.Y. 1961); and C.P.L. § 240 (codifying *People v. Rosario*) by "not turning over numerous interview notes, reports and photographs", including "'dispatcher logs'

-1-

and 'all routine police reports'" (Ground Two); the conviction of criminal possession of a weapon was against the weight of the credible evidence, and was "inherently inconsistent with the acquittal" of the murder charge (Ground Three); "the trial court improperly predetermined [petitioner]'s status as a persistent felony offender, abused its discretion in adjudicating [petitioner] as such and failed to comply with the statutory requirement of placing its findings on the record" and imposed an "unduly harsh and excessive sentence" (Ground Four). *See* Petition and Attachments, ¶¶12(A) - (D) (Docket No. 1).[1]

Respondent answered the Petition. *See* Respondent's Answer ("Resp't Ans.") (Docket No. 3) and Respondent's Memorandum of Law in Opposition to the Petition ("Resp't Opp. Mem.") (Docket No. 4). Respondent conceded that the *Batson* claim (Ground One) was exhausted but argued that it was without merit. Resp't Mem. at 2-6 (Docket No. 4). With regard to the *Brady*/*Rosario*/C.P.L. § 240 claims (Ground Two), respondent argued that the *Brady* claim was without merit and the *Rosario*/C.P.L. § 240 claims alleged merely errors of state law and were not cognizable on federal habeas review. Resp't Mem. at 7-9 (Docket No. 4). Concerning the weight-of-the-evidence claim, respondent asserted that it did not raise an issue of federal constitutional dimensions but, in any event, the verdict was supported by the weight of the evidence and not inconsistent with the verdict acquitting petitioner of intentional murder. Resp't Mem. at 10-12 (Docket No. 4). As to the sentencing-related claims asserted in Ground Four, respondent argued that petitioner's claim of judicial bias was unsupported by the record. Respondent also asserted that petitioner's "challenge to his persistent felony offender

---

[1] All of these claims were raised by appellate counsel on petitioner's direct appeal of the conviction. The Appellate Division denied all of the claims on the merits.

adjudication is to what he contends was the court's 'pre-determined bias,' a ground not properly amenable to habeas relief." Resp't Mem. at 15-16; *see also id.* at 15 (asserting that "[f]ederal habeas relief predicated on a challenge to a petitioner's adjudication and sentencing as a persistent felony offender is available" only in certain circumstances not present in Barney's case) (citations omitted) (Docket No. 4). Respondent argued that, in any event, the trial judge properly followed the procedures set forth in C.P.L. § 400.20 and that her adjudication of petitioner as a persistent felony offender was supported by the record. *Id.* at 16-17 (Docket No. 4). Finally, respondent argued that petitioner's claim that his sentence was harsh and excessive did not present a constitutional question since his sentence fell "within the range prescribed by state law." *Id.* at 17 (Docket No. 4).

On October 11, 2004, Barney sent a letter to the Court which was docketed as a Motion to Amend the Petition (Docket No. 6). Barney explained that he wished to "expand the record pursuant to Federal Rule of Civil Procedure § 15(a)." *Id.* (Docket No. 6). Barney explained that he had lost all of his previous correspondence with the Court because a lawyer who was supposed to help him with his Petition "withdrew and ha[d]n't returned [his] papers." *Id.* Finally, Barney stated that "[i]n light of recent Supreme Court and [New York] State Court Decisions that were not known to [him] at the time of [his] petition, [the] Laws and procedures used to sentence [him] have been ruled unconstitutional." *Id.* (Docket No. 6). Barney then listed the cases he "plan[ned] to rely on[.]" *Id.* (citing *Blakely v. Washington*, [542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004);] *Ring v. Arizona*, [536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002);] *Apprendi v. New Jersey*, [530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000);] *People v. West*; *People v. Ruffine*) (Docket No. 6). Respondent did not submit any papers in

response to the Motion to Amend.

Before the Court issued a ruling on that Motion, Barney sent a letter to the Court dated August 30, 2005 (Docket No. 7), which was filed as a Motion to Stay. Barney requested that his Petition "be held in abeyance pending appeal of [his] [C.P.L.] 440.30 Petition IND. No. 98-2202-001 and Recusal Order [sic] that is before the Supreme Court, Appellate Division, Fourth Department." *Id.* (Docket No. 7). Barney indicated that he was enclosing a copy of that "Petition and Recusal Motion" but it does not appear that he did so. *Id.* (Docket No. 7). Respondent did not submit any papers in response to Barney's Motion to Stay.

On September 30, 2005, the Court (Foschio, M.J.)[2] denied Barney's Motion to Amend on the basis that, although he was not required to do so, he had not attached to the Motion to Amend a copy of the proposed amended petition. *Id.* Without a copy of the proposed amended petition, the Court stated, it was "unable to determine whether the otherwise time-barred claims" Barney sought to add "relate[d] back to the original petition." *Id.* (Docket No. 8). The Order denied the Motion to Amend without prejudice and granted Barney leave to file another motion seeking leave to file an amended petition, along with a copy of the proposed amended petition. *Id.* (Docket No. 8). The Order did not refer to Barney's pending Motion to Stay (Docket No. 7). *Id.* (Docket No. 8).

Barney did not respond in any way to the Court's Order denying the Motion to Amend. On January 17, 2006, the Court (Foschio, M.J.) issued an Order denying Barney's previously pending Motion to Stay, finding that Barney had failed to make a sufficient showing as to the

---

[2] The parties have consented to jurisdiction of this matter by a magistrate judge. *See* Consent Order dated January 6, 2004 (Docket No. 5).

factors set forth in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). *See* Order Denying Stay at 3-4 ("Stay Order") (Docket No. 9).[3] The Stay Order explained that Barney could file a renewed motion to stay, provided that he (1) addressed the *Rhines v. Weber* factors (i.e., good cause for the failure to exhaust the proposed amended claims previously, that the new claims are not plainly meritless, that the new claims "related back" to the original petition), and (2) submitted a proposed amended petition along with a motion to amend. *Id.* (Docket No. 9).

Barney submitted a Renewed Motion to Stay (Docket No. 10-1), along with two attachments: the original Petition (Docket No. 10-2) and a "Mixed Petition" (Docket No. 10-3). The new only claim that seemed to be asserted was contained in the Mixed Petition. Barney essentially stated that the acquittal of the murder charge based on a justification defense precluded him from being found guilty of criminal possession of a weapon. Thus, petitioner reasons, he was "convicted of a non-crime" which went "to the heart of Ground Four [the sentencing/persistent felon hearing claims in the original Petition]" because "if the trial court had been alert to the fact that this [was] a non-crime, there would not have been no [sic] need for a persistent felony determination in the first place." Mixed Petition (Docket No. 10-3). Respondent did not respond to Barney's Renewed Motion to Stay (Docket No. 10).

The matter was reassigned to me on December 11, 2006. (Docket No. 11). At that point, petitioner's Renewed Motion to Stay (Docket No. 10) was still pending. Prior to this Court issuing a ruling on the Renewed Motion to Stay, Barney wrote to the Court stating that it "appear[ed] that the State will not act on [his] appeal" and he "enclosed letters, responses and

---

[3] As noted above, the record before the Court presently does not contain a copy of Barney's C.P.L. § 440.30 "Petition and Recusal Motion" as it appears that Barney inadvertently failed to enclose a copy with his Motion to Stay.

certification documents" that he had "collected outlining [his] attempts to move [his] case." Motion to Reinstate Petition (Docket No. 12). Barney enclosed the following documents: a letter from the Appellate Division to him acknowledging receipt of his motion papers in connection with the application for leave to appeal; a letter from the Appellate Division to the Erie County District Attorney's Office noting that Barney had applied for leave to appeal an Order of the Erie County Court entered on August 11, 2005, and requesting that it submit any responsive affidavits by a certain date ; a letter from Barney to the Appellate Division inquiring as to the status of his case; and the certified mail receipts concerning his mailing of the letter to the Appellate Division. It appears that Barney never received a response from the Appellate Division in response to his status-request. *See* Attachments to Motion to Reinstate Petition (Docket No. 12). Barney did not provide specifics as to what order was being appealed, or what the underlying motion was.

Barney requested that the Court reinstate his Petition "that may have been stayed." *Id.* (Docket No. 12). He also asked that counsel be appointed to represent him due to debilitating health issues that he had recently suffered. *Id.* (Docket No. 12).

On October 15, 2007, this Court issued an Order (Docket No. 13) granting Barney's motion to reinstate his original Petition and deeming the Renewed Motion to Stay withdrawn upon Barney's request as stated in his Motion to Reinstate Petition (Docket No. 12). The Court denied, without prejudice, Barney's request for appointment of counsel. *Id.* (Docket No. 13).

Recently, in reviewing the file in this case, this Court has come to the conclusion that certain documents are missing. Accordingly, the Court requests that respondent search his files for copies of them as follows:

**First, the Court requests that respondent provide copies of all pleadings and**

**exhibits filed by both petitioner and respondent in connection with the C.P.L. § 440.30 motion referenced by Barney in his original Motion to Amend, and all orders issued in connection therewith.**

**Second, the Court requests that respondent provide a copy of the Erie County Court Order entered August 11, 2005, and all pleadings filed by both parties in connection therewith, along with any subsequent Order issued by the Appellate Division regarding Barney's application for leave to appeal.** The Court suspects that the C.P.L. § 440.30 motion and the August 11, 2005 Erie County Court Order are related, but since it is not sure, it has phrased the foregoing document request to account for the possibility that there was more than one motion by petitioner. The Court requests that respondent provide any other information he has available that would illuminate the status of the state court proceedings described above.

The Court asks that respondent respond to this Order **within thirty (30) days**, with copies of his response and related documents also provided to petitioner.

**ALL OF THE ABOVE IS SO ORDERED.**

/s/ Victor E. Bianchini

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: March 9, 2010
       Buffalo, New York.